| | | | |
|---|---|---|---|
| | AUSA: Philip Jacques | Telephone: | (313) 226-9654 |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Austin Dawn, ATF | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
    v.

D-1 Jevonte Cassidy Doakes
D-2 Joshua James Allen Griggs

Case No. 2:24−mj−30264

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 10, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 18 U.S.C. § 922(o) | Illegal possession of a machinegun |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Austin Dawn, Special Agent ATF
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: July 11, 2024

_Judge's signature_

City and state: Detroit, MI

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Austin Dawn, being duly sworn, depose and state the following:

## I. INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since November 5, 2023. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered to conduct investigations and make arrests of offenses enumerated under federal law.

2. I am currently assigned to the Detroit Field Division, Group II, Crime Gun Enforcement Team (CGET). As an ATF SA, I have received specialized training at the Federal Law Enforcement Training Center including the Criminal Investigator Training Program and Special Agent Basic Training. During these programs I received a total of twenty-seven weeks of instruction on subjects including federal criminal law, conducting criminal investigations, interview techniques, surveillance, undercover operations, evidence collection and firearms trafficking. During my employment with ATF, I have participated in investigations of criminal violations relating to firearms, violent crime, and narcotics.

3. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other

law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

4. The ATF is currently conducting a criminal investigation concerning Jevonte DOAKES, for violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) and 18 U.S.C. § 922(o) (Illegal Possession of a Machinegun); and Joshua GRIGGS for violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

## II. PROBABLE CAUSE

5. I reviewed records related to DOAKES's criminal history and learned the following:

    a. On or about September 2, 2016, DOAKES was arrested and charged with felony carrying a concealed weapon. On July 6, 2017, DOAKES pleaded guilty to a reduced count of felony carrying a concealed weapon–attempt in the Third Judicial Circuit Court, Wayne County, Michigan. On or about July 20, 2017, DOAKES was sentenced to two years of probation. DOAKES violated his probation and failed to appear for a hearing and his probation was extended to February 2022.

    b. While on pretrial release in Wayne County, on or about November 7, 2016, DOAKES was arrested and charged with felony burglary and felony possession of marijuana in Knox County, Illinois. On March 1,

2017, DOAKES pleaded guilty to felony possession of a controlled substance and felony theft in the Ninth Judicial Circuit Court, Knox County, Illinois. Knox was sentenced to 117 days' imprisonment and 30 months' probation.

    c. While on probation, on or about July 9, 2021, DOAKES was arrested and charged with controlled substance–possession of methamphetamine/ecstasy. On July 26, 2022, DOAKES pleaded guilty as charged in the Third Judicial Circuit Court, Wayne County, Michigan. On September 12, 2022, DOAKES was sentenced to 2 years' probation. DOAKES absconded from probation in 2023.

6.     Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Based on the number of DOAKES's convictions, the time he has spent incarcerated or under supervision as a result of those convictions, and the fact that DOAKES is currently an absconder from probation for his most recent felony conviction, there is probable cause to believe that DOAKES is aware of his status as a convicted felon.

7.     I reviewed records related to GRIGGS's criminal history and learned the following:

    a. On January 9, 2023, GRIGGS was arrested and charged with receiving and concealing stolen property–motor vehicle. GRIGGS subsequently

3

pleaded guilty in the Third Judicial Circuit Court, Wayne County, Michigan. On or about February 16, 2024, GRIGGS was sentenced to two years of HYTA probation. This probation remains active;

b. While on pretrial release, on or about January 29, 2024, GRIGGS was arrested and charged with felony using a computer to commit a crime and financial transaction device–stealing or retaining without permission. GRIGGS subsequently pleaded nolo contendere pursuant to a plea agreement to one misdemeanor count of larceny $200—$1,000 in the 41A District Court for Shelby Township;

c. While on HYTA probation, on or about March 20, 2024, GRIGGS was arrested and charged with deliver/manufacture a controlled substance and maintaining a drug house. On May 13, 2024, GRIGGS pleaded guilty to felony possession of a controlled substance less than 25 grams in the Sixteenth Judicial Circuit Court, Macomb County, Michigan. The court accepted GRIGGS's plea and scheduled GRIGGS to be sentenced on July 18, 2024.

8. Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Additionally, based on the number of times GRIGGS has been arrested and prosecuted for felony offenses in the last 18 months, and the recency of his felony conviction for possessing controlled substances,

4

there is probable cause to believe that GRIGGS is aware of his status as a convicted felon.

## II. PROBABLE CAUSE

9. In June and July 2024, ATF agents conducted surveillance on two neighboring residences on Joann Street in Detroit, Michigan ("Residence 1" and "Residence 2"). While conducting surveillance (both live and electronically recorded), both Jevonte DOAKES and Joshua GRIGGS frequented the residences on Joann Street. Through surveillance and additional investigation, agents determined that DOAKES appeared to reside at Residence 1.

10. On July 10, 2024, ATF agents executed search warrants at the two residences on Joann Street. Several people, including DOAKES and GRIGGS, were present at the premises when agents conducted their search. DOAKES attempted to exit the residence from the northeast bedroom window on the first floor. Agents called DOAKES out into the living room and ultimately took him into custody. GRIGGS was seated in the front passenger seat of an SUV parked in the driveway of an abandoned house directly next to Residence 2.

11. During the search, agents recovered a total of seven firearms and a large quantity of ammunition, including:

   a. One Glock, model 23 .40 caliber pistol, SN: AALX372 loaded with one round in the chamber and 22 live rounds of .40 caliber in a magazine loaded into the firearm. Affixed to the firearm was a machinegun

5

conversion device. The firearm was reported stolen in November of 2023. This firearm was located in the couch center console in the main living room/dining room of Residence 1.

b. One Romarm Cugir, Draco, 7.62x39 caliber pistol, SN: DF686520ROA, loaded with one round in the chamber and 14 live rounds of 7.62 caliber ammunition in a magazine, loaded into the firearm. This firearm was located in the northeast bedroom of Residence 1 under the mattress where DOAKES was initially located at the time the search warrant was executed.

c. One Glock model 23 .40 caliber pistol, SN: YHU487, loaded with one round in the chamber and 22 live rounds of .40 caliber ammunition in an extended magazine. Affixed to the firearm was a machinegun conversion device. The firearm was located inside the upstairs bedroom of Residence 2.

d. One Delton Inc. DTI-15 5.56 caliber pistol, SN: S290803 loaded with one live .223 caliber round in the chamber. Found under the bed in the southeast bedroom of Residence 1.

e. One double drum round magazine loaded with multiple live .223 caliber rounds found next to the firearm under the bed in the southeast bedroom of Residence 1.

12. The Delton Inc. DTI-15 5.56 caliber pistol recovered in Residence 1

appears to be the same model and style of firearm agents observed GRIGGS to be carrying during surveillance of Residence 1.

 

*Left: July 8, 2024 screenshot of GRIGGS standing in the doorway of Residence 1; Right: Delton Inc. DTI-15 5.56 recovered from Residence 1 on July 10, 2024*

13. At the time of his arrest, GRIGGS was wearing a location monitoring device on his ankle as a condition of bond. I reviewed the location data for GRIGGS for July 8, 2024, between the hours of 3:00 p.m. to 5:00 p.m., GRIGGS was located in the area of Residence 1 and Residence 2.

14. On July 10, 2024, ATF SA Steven Allick and I conducted a post-Miranda, audio and video recorded interview with DOAKES. DOAKES stated the following:

    a. DOAKES acknowledged that he knew he was a convicted felon and could not be around firearms.

    b. DOAKES stated he was in the living room when the search warrant was executed, "chilling on the couch." (The couch where agents found the firearm noted above was the only couch in the living room).

    c. DOAKES denied trying to flee from the back bedroom and claimed he didn't know there was a firearm in the couch or in the back bedroom.

15. A preliminary analysis of the Glock model 23 firearm recovered from Residence 2 determined the firearm is linked to six (6) shooting incidents in Wayne County, MI. DOAKES was named as a suspect by one of the victims in a May 2024 shooting linked to the firearm. The firearm was most recently used in three (3) shooting on March 11, 2024, May 19, 2024, and May 27, 2024.

16. On July 11, 2024, ATF Interstate Nexus Expert, Special Agent Kara Klupacs was provided a verbal and visual description of both Glock model 23 firearms, the Romar Cugir Draco, and the Delton Inc. DTI-15 5.56 caliber pistol that were recovered from the search warrant on July 10, 2024. SA Klupacs advised the firearms were manufactured outside of the state of Michigan, and thus had traveled in and affected interstate or foreign commerce.

17. ATF Special Agent Kenton Weston also viewed images of the recovered Glock 23 firearm equipped with a machinegun conversion device. In addition to basic ATF training, SA Weston is a graduate of a specialized course on privately made

firearms and machinegun conversion devices (PMF/MCD). SA Weston has provided instruction to DPD officers, ATF Special Agents, sheriff deputies, state troopers, and Task Force officers on the identification of PMFs and MCDs. SA Weston has experience in the investigation, seizure, and examination of several dozen PMFs and MCDs. After viewing the images, SA Weston confirmed that the device affixed to the firearm appeared to be a machinegun conversion device (MCD), colloquially referred to as a "Glock Switch."

18.    Per SA Weston, an individual can affix an MCD to a Glock-style pistol to make the pistol shoot automatically and function as machinegun. The MCD is a small device that replaces the back plate and typically protrudes from the back of the slide on a Glock-style pistol. When installed, the device applies pressure to the trigger bar and disables the firearm's ability to limit one round of ammunition to be fired per trigger pull. A machinegun is a firearm under the National Firearms Act (NFA), 26 U.S.C. § 5845(a). A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). An MCD is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock-style pistol into a machinegun; therefore, it by itself, is a "machinegun." Possession of this suspected MCD is a violation of MCL 750.224e (possession of a conversion device) and may be a violation of 18 USC 922 (o) (illegal possession of a machine gun).

### III. CONCLUSION

19. Probable cause exists to believe that on July 10, 2024, Jevonte DOAKES knowingly possessed a firearm equipped with a machinegun conversion device and ammunition after having been convicted of a felony offense in violation of Title 18 U.S.C. Section 922(g)(1) and Title 18 U.S.C. 922(o). These violations occurred within the Eastern District of Michigan.

20. Probable cause also exists to believe that on July 10, 2024, Joshua GRIGGS knowingly possessed a firearm and ammunition after having been convicted of a felony offense in violation of Title 18 U.S.C. Section 922(g)(1). This violation occurred within the Eastern District of Michigan.

_____
Austin Dawn, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
And/or by reliable electronic means

_____
Honorable Elizabeth A. Stafford
United States Magistrate Judge

Dated: July 11, 2024